## No. 10,818.

### WEBSTER *v.* NORTH POUDRE IRRIGATION CO.

Decided February 4, 1924.

Action for damages and injunction. Judgment for defendant.

### *Affirmed.*

### On Application for Supersedeas.

1.  WATERS AND WATER COURSES—*Backwater—Contract—Construction.* Where an irrigation company contracted against damage to the land of another from seepage and backwater from its reservoir, it is held that whether the land was flooded by backwater from the reservoir, by creek waters backed by those of the reservoir, or by sand and silt deposited by waters so backed, the damage was "on account of backwater."

2.  *Damages—Notice.* In an action against an irrigation company for damage occasioned by the flooding of plaintiff's land, the fact that the company, as observed by plaintiff, had for years permitted a water course to become filled by silting and sedimentation, was notice to him that it probably would continue its practice in that particular, having contracted against damage resulting therefrom by a clause in its deed of conveyance to plaintiff.

3.  CONTRACTS—*Against Damage by Negligence—Public Policy.* The rule that it is contrary to public policy for a corporation to contract against the result of its negligence is usually applied to public service corporations, and does not include a contract against damage from seepage or backwater arising from the operation of an irrigation project, by a private corporation.

4.  *Construction.* The rule of strict construction of contracts claimed to excuse liability for negligence, cannot be resorted to for the purpose of entirely abrogating a contract.

5.  DAMAGES—*Injunction.* If a plaintiff is not entitled to damages against a corporation for a neglect of an alleged duty, he is not entitled to an injunction to enforce the performance of the duty.

*Error to the District Court of Larimer County, Hon.
Charles E. Herrick, Judge.*

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for plaintiff in
error.

Mr. RUSSELL W. FLEMING, Mr. HENRY S. SHERMAN, for
defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error brought this action against defend-
ant in error for a mandatory injunction to compel it to
open and keep open the channel of a natural stream on
which it had built a storage reservoir, and for damages
already sustained by plaintiff, arising from defendant's
failure in that particular. The cause was tried to the court
and the findings were for defendant. To review the judg-
ment thereupon entered plaintiff prosecutes this writ and
asks that it be made a supersedeas.

In 1902 defendant built a large reservoir across the
channel of Fossil creek, a natural stream. In 1914 defend-
ant, then the owner of a certain tract of land lying on said
creek and near said reservoir, sold same to plaintiff and
another. Conveyance was by warranty deed containing
the following clause: "It is agreed and understood as part
of the consideration of the within conveyance that the
parties of the second part (the plaintiff and his associate)
forever release and discharge first party (this defendant)
from all claims for damages to this land on account of
seepage or backwater from Fossil Creek reservoir, when
utilized to the present capacity of the same, being 36¼ feet
above the bottom of the outlet tube."

Plaintiff alleges in his complaint that in 1921, when the
reservoir was filled to capacity, a large quantity of debris
was allowed by defendant to accumulate at the point where
the creek flows into the reservoir, causing a deposit of

sand and silt immediately above that point, forming a sand bar in the creek channel, and causing the water to be "held back" so that it flowed over plaintiff's lands, destroyed his crops, filled his drain pipes, and converted much of his property into a swamp; and that from the time of the building of the reservoir to the present there has been a gradual and progressive silting and sedimentation of the creek, at all times well known to defendant, resulting in such impairment of the carrying capacity of the stream as to practically fill the channel where it crosses plaintiff's premises and bring about the conditions complained of.

Defendant answered at length and relied, among other things, upon that portion of the deed above quoted.

The trial Judge held: "If one party is to be charged with the duty of foreseeing that this thing was bound to happen then so is the other party to the transaction. The damage set out in the complaint, and in a large measure proven at the trial, seems to the court the very thing which was in the minds of the parties when the deed of 1914 was given by the defendant and accepted by the plaintiff. In the judgment of this court, that reservation in said deed, of the releasing of all damages to the lands therein contained on account of the backwater, is clearly a bar to any recovery by the plaintiff in the present case."

There is no question here of the general duty of defendant to keep this creek channel open. The question is: "Had that duty been discharged as to plaintiff by a specific contract based upon a proper consideration?" At the time of the construction of its reservoir defendant had a perfect right to contract with all persons interested, if such a thing were possible, and thus relieve itself of the duty entirely. It certainly could contract with plaintiff so far as that duty touched him and his premises, and it certainly did so. It is argued on behalf of plaintiff: (1) that this damage arose, not from backwater, but from sand, silt, etc., caused by backwater; (2) that at the time Webster received his deed he was entitled to believe "that the company would continue to do its duty rather than that it would

refuse to do anything in the premises;" (3) that "it is contrary to public policy for a corporation to contract against the result of its own negligence;" (4) that "contracts claimed to excuse liability for negligence, should be construed strictly, with every intendment against the party seeking the protection of such contract;" and (5) that "even if defendant was not obliged to pay damages under the reservation in this deed," plaintiff was still entitled to an abatement to which he would have had a right in the absence of the clause quoted.

However: (1) The water which caused this damage, whether backed by the waters of the reservoir, or by the creek waters backed by those of the reservoir, or by sand and silt deposited by waters so backed by creek or reservoir, is still damage "on account of backwater from Fossil Creek reservoir."

(2) That process of gradual and progressive silting and sedimentation, apparent to plaintiff when he bought this land and which had then been continuing uninterrupted and unrelieved for twelve years, was notice to him of what the company had not done, what in all probability it would continue to neglect, and one of the things it contemplated when it wrote this particular clause in the deed it tendered him.

(3) The rule invoked concerning contracts against negligence is usually applied to public service corporations and to the service which, from their peculiar character, they owe the public. It has never, so far as we have been apprised, been stretched to include a contract against damage from seepage arising from the construction of an irrigation project, or drainage from the construction of a roof, or pollution from the fertilization of land, or any similar case, nor can we conceive of a reason for such application.

(4) The rule of strict construction can not be resorted to for the purpose of entirely abrogating the contract, and if applied as here attempted, the quoted clause in the deed becomes meaningless.

(5)   If this plaintiff is entitled to the mandate, it is to enforce the performance of a duty, and it would certainly be liable for the damage caused by the neglect of that duty; hence, if not entitled to damages it is not entitled to the mandate.

In our opinion the trial court was right.   The quoted clause in the deed is not ambiguous, it was clearly intended to cover, and as clearly does cover, the identical damage here under consideration, and it gives defendant a right for which an agreed consideration has been duly paid.   The only shadow which darkens that instrument is cast by the rare resourcefulness of plaintiff's counsel.

If the foregoing conclusions are correct, and we have no lingering doubt thereupon, no other question raised by this record, or discussed in these briefs, demands consideration.

The supersedeas is accordingly denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.